**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────

**No. 23-4294**

───────────

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

THOMAS JONATHAN TODD,

        Defendant - Appellant.

───────────

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Michael Stefan Nachmanoff, District Judge.  (1:17-cr-00024-MSN-1)

───────────

Submitted:  February 27, 2024           Decided:  February 29, 2024

───────────

Before WILKINSON, WYNN, and HARRIS, Circuit Judges.

───────────

Affirmed by unpublished per curiam opinion.

───────────

**ON BRIEF:** Michael C. Sprano, SPRANO LAW FIRM LLP, Fairfax, Virginia, for Appellee. Jessica D. Aber, United States Attorney, Richard D. Cooke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

───────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Jonathan Todd appeals from his 192-month sentence imposed on resentencing. We previously vacated one of his convictions and remanded for a new sentencing. On appeal from his resentencing, Todd contends that the district court abused its discretion in imposing the same sentence on remand as Todd's original sentence, despite changed circumstances. Both sentences were downward variant sentences, with the instant sentence having a smaller variance than the original sentence. We affirm.

Todd contends that, because his conviction for use and discharge of a firearm during a crime of violence was vacated, it stands to reason that the overall "seriousness of the offense[s]" under 18 U.S.C. § 3553(a)(2)(A) would be altered. As such, he asserts that the consideration of the 18 U.S.C. § 3553 sentencing factors should result in a lower sentence.[1] He also argues that his Guidelines range on resentencing was lower than his Guidelines range at his original sentencing, and the district court erred by not taking this change into consideration.

However, "it would have been improper had the district court used [Todd's] original sentence—rather than his advisory sentencing range—as an initial benchmark at sentencing." *United States v. Abed,* 3 F.4th 104, 118 (4th Cir. 2021). Notably, Todd does

---

[1] We note that Todd's firearm conviction was vacated based on an issue of statutory construction; the actual facts of Todd's criminal behavior were unchanged from the original sentence.

not argue that the district court's presumptively reasonable,[2] below-Guidelines sentence was unreasonable because the district court erred in balancing the sentencing factors. Instead, he focuses only on the comparison between the original sentence and Guidelines range and the instant sentence and Guidelines range. Todd did not make this argument below, and in any event, the district court did not err in failing to consider this factor. *See United States v. Pepper,* 562 U.S. 476, 507 (2011) (holding that a *de novo* resentencing "wiped the slate clean" and, thus, there was no requirement to apply the same percentage departure as had been applied at the original sentencing).

Accordingly, we affirm. We deny Todd's counsel's motion to withdraw. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[2] A below-Guidelines sentence is presumptively reasonable. *United States v. Louthian,* 756 F.3d 295, 306 (4th Cir. 2014).